John H. Farnham, J.
This is a proceeding under article 78 of the Civil Practice Act brought on to set aside a denial by the defendants acting as the Village Board of the Village of Fayetteville.
Petitioner alleges that the said Village Board also constitutes the Water Board of the Village of Fayetteville and is in control of the sale an'd distribution of the water owned and sold by said village, which is a municipal corporation in Onondaga County.
The petitioner made application to the respondents to connect a three-quarter inch water line and tap to a public water main previously constructed and presently located in a public street in the Township of Manlius known as Berkshire Boulevard or Berkshire Parkway. The Village of Fayetteville is situated within the limits of the Township of Manlius.
Respondents raise issue to the pleadings concerning the absence of ownership by the defendant of the public water main in question. With this issue, the court will not concern itself as it believes the motion can be resolved without determining that issue.
Under section 224 of the Village Law, it is incumbent upon the village to supply water to property fronting on any street on which the water main is laid, and the applicable portion of said section 224 states as follows: “ Any system of water works which shall have been established by a village and every part of said water system shall be maintained in service and service given to property lying along’ or fronting on any street or alley in which such water main or mains are now laid or may hereafter be laid and from which such lots and buildings can be supplied with water unless the consent of at least seventy-five per centum *661 of the owners of said property in number and also in value, according to the last assessment, be first obtained in writing
It appears that the village currently is supplying water to other properties fronting on Berkshire Parkway through the public main in question. The petitioner’s property fronts on the aforesaid street, and the public main in question passes petitioner’s property.
The court is of the opinion that whether the village owns the main in question is not for consideration here, and regardless of such ownership, it cannot deprive any property or property owner fronting on the street in which the main is laid and presently functioning for the delivery of water to other properties on said street. Section 224 of the Village Law is specific and, therefore, the respondents must supply all of the properties on said street with water upon application for such right. That the aforesaid section is mandatory is beyond peradventure. (Matter of Dexter Sulphite Pulp & Paper Co. v. Shaver, 183 Misc. 275.) That portion of the said section herein cited has been held mandatory on the part of the respondent unless 75% of the owners agree in writing to the contrary. That issue has not been raised on this motion, and, therefore, is not to be considered by this court in arriving at a decision. The respondents have acted here, in the opinion of this court, contrary to the mandatory dictates of the Legislature and, therefore, the denial by the respondents of petitioner’s application for the right to water and water service from said main is annulled and set aside, and the respondents are directed to proceed forthwith in accordance with this opinion and grant petitioner’s application. Order may be prepared and entered in accordance with this decision.